IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. ALFRED E. WALKING EAGLE, Defendant/Movant. | Cause No. CR 07-50-GF-BMM<br>CV 16-42-GF-BMM<br><br>ORDER DENYING § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY |
|---|---|

This case comes before the Court on Defendant Walking Eagle's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. He also moves for the appointment of new counsel to represent him. Walking Eagle is a federal prisoner proceeding pro se.

**I.  Background**

Walking Eagle pled guilty in 2007 to one count of aiding and abetting an assault with a dangerous weapon with intent to do bodily harm, a violation of 18 U.S.C. §§ 2 and 113(a)(3) ("Count 2"), and one count of aiding and abetting the use or carrying and discharging of a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. §§ 2 and 924(c)(1)(A) and (iii) ("Count 4"). The Court sentenced Walking Eagle to a term of 36 months on Count 2 and a mandatory consecutive ten-year term on Count 4. *See* Plea Agreement (Doc. 17) at

1

3-4 ¶ 6; Am. Judgment (Doc. 28) at 1-2. He seeks relief under the United States Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). *See also Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016) (holding that *Johnson* applies to cases already final when it was issued).

## II. 18 U.S.C. § 924(e)

The Court in *Johnson* considered the meaning of a provision in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA imposes a harsher sentence on a person convicted of a firearms offense if the person has three prior convictions for a violent felony or controlled substance offense. The Act defines a "violent felony" as a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B). *Johnson* discussed only the italicized clause, commonly called the "residual" clause.

The Supreme Court determined the residual clause to be vague to the extent that it deprived defendants of fair notice of the consequences of their decisions and so loose that it invited arbitrary enforcement by sentencing judges. *Johnson* prohibited federal sentencing courts from enhancing a defendant's sentence based

on a prior conviction when that conviction qualifies as a "violent felony" only under the residual clause. *See Johnson*, 135 U.S. at 2555-60, 2563. *Johnson* did not address either subsection (i), or the first line of subsection (ii), in § 924(e)(2)(B). Those provisions remain valid law.

### III. 18 U.S.C. §924(c)

Walking Eagle challenges his conviction under 18 U.S.C. § 924(c)(1)(A), and (iii), for aiding and abetting another in using or carrying and discharging a firearm during and in relation to a "crime of violence." Section 924(c)(3)'s definition of "crime of violence" differs from the definition of a "violent felony" in § 924(e)(2)(B):

> (3) For purposes of this subsection [§ 924(c)] the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Walking Eagle asks the Court to assume that the residual clause in § 924(c)(3)(*B*) suffers from the same unconstitutional vagueness identified in *Johnson* that invalidated the residual clause. Walking Eagle's conviction and sentence under § 924(c) would still be valid, however, if the "crime of violence"

3

that he committed "ha[d] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(*A*).

### IV. Aiding and Abetting the Use or Carrying and Discharging of a Firearm

Walking Eagle aided and abetted a "crime of violence," as defined by the force clause of § 924(c)(3)(A). "Physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person," as opposed to the common-law definition of force that included mere offensive touching. *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

"Use" of physical force requires an intentional act, as opposed to a negligent one. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). "Use" of force also captures a reckless act. *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1129-32 (9th Cir. 2006) (en banc). The Ninth Circuit in *United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016), recently excluded involuntary manslaughter from the crime of violence category. The Ninth Circuit determined that involuntary manslaughter, defined as murder without malice, failed to qualify as a crime of violence because it requires only a showing of gross negligence. *Id.*

Aiding and abetting requires an intentional act, not merely gross negligence or recklessness. *See Rosemond v. United States*, __ U.S. __, __, 134 S. Ct. 1240, 1248-51 (2014). To prove that Walking Eagle aided and abetted another in the use

4

or carrying of a firearm during and in relation to a crime of violence as alleged in Count 4, the United States was required to prove that Walking Eagle "actively participated in the underlying . . . violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Id.* at 1243; *see also, e.g.*, Plea Agreement (Doc. 17) at 6 ("the defendant knowingly and intentionally aided, counseled, commanded, induced or procured the other person to use and discharge the firearm during the assault"). Whether the "crime of violence" Walking Eagle aided and abetted involved an intentional use or attempt or threat to use force represents the only question before the Court.

Assault with a dangerous weapon with intent to do bodily harm constituted the "crime of violence" underlying Count 4. Assault with intent to do bodily harm requires intent to avail oneself of force capable of causing physical injury. *See* 18 U.S.C. § 113(a)(3); 9th Cir. Jury Instr. (Crim.) 5.1, 8.7 (2010); Plea Agreement (Doc. 17) at 5-6 ¶ 8. The statute simply requires the use, attempt to use, or threat to use force as an element of the offense. *See Johnson I*, 559 U.S. at 140; *Leocal*, 543 U.S. at 9. Walking Eagle aided and abetted someone else in carrying out their intent to use physical force to cause bodily harm. Walking Eagle thus aided and abetted a crime of violence. *See United States v. Calvillo-Palacios*, 860 F.3d 1285, 1292-93 (9th Cir. 2017); *see also United States v. Sutton*, No. 16-35317, 2017 WL 3499917 at *1 (9th Cir. Aug. 16, 2017) (unpublished mem. disp.).

5

Aiding and abetting assault with a dangerous weapon and intent to do bodily harm, "by its nature, involves a substantial risk that physical force against the person or property of another may be used." 18 U.S.C. § 924(c)(3)(B). Nothing in *Johnson* invalidates the residual clause of § 924(c)(3)(***B***). The reasoning of *Johnson* does not undermine Walking Eagle's conviction for aiding and abetting another's use or carrying of a firearm during and in relation to a "crime of violence," because aiding and abetting an assault with intent to do bodily harm also meets the force clause of § 924(c)(3)(***A***).

### V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

Walking Eagle's claim clears this "lenient" standard. Reasonable jurists may

6

disagree whether Walking Eagle's conduct falls outside of the scope of the force clause of § 924(c)(3)(A). The Ninth Circuit has yet to address this issue directly. Walking Eagle's claims merit the issuance of a COA.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Walking Eagle's motion for the appointment of counsel (Doc. 30-1) is MOOT;

2. Walking Eagle's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 30, 31) is DENIED;

3. A certificate of appealability is GRANTED;

DATED this 16th day of November, 2017.

Brian Morris
United States District Court Judge