

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ALFRED WALKING EAGLE, JR., Defendant. | CR 07-50-GF-BMM-JTJ **FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Alfred Walking Eagle, Jr. (Walking Eagle) has been accused of violating the conditions of his supervised release. Walking Eagle admitted all of the alleged violations. Walking Eagle's supervised release should be revoked. Walking Eagle should be placed in custody until December 22, 2021, with no supervised release to follow.

## II. Status

Walking Eagle pleaded guilty on August 1, 2007, to Aiding and Abetting Assault with a Dangerous Weapon, and Aiding and Abetting the Use of a Firearm During a Crime of Violence. (Doc. 21). The Court sentenced Walking Eagle to 120 months of custody, followed by 3 years of supervised release. (Doc. 28).

Walking Eagle's term of supervised release began on October 22, 2018. (Doc. 43 at 1).

**Petition**

The United States Probation Office filed a Petition on September 14, 2021, requesting that the Court revoke Walking Eagle's supervised release. (Doc. 43). The Petition alleged that Walking Eagle had violated the conditions of his supervised release: 1) by failing to report for substance abuse treatment; and 2) by failing to report for substance abuse testing.

**Initial appearance**

Walking Eagle appeared before the undersigned for his initial appearance on November 22, 2021. Walking Eagle was represented by counsel. Walking Eagle stated that he had read the petition and that he understood the allegations. Walking Eagle waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on November 22, 2021. Walking Eagle admitted that he had violated the conditions of his supervised release: 1) by failing to report for substance abuse treatment; and 2) by failing to report for substance abuse testing. The violations are serious and warrant revocation of

2

Walking Eagle's supervised release.

Walking Eagle's violations are Grade C violations. Walking Eagle's criminal history category is I. Walking Eagle's underlying offenses are Class C and Class A felonies. Walking Eagle could be incarcerated for up to 60 months. Walking Eagle could be ordered to remain on supervised release for up to 24 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Walking Eagle's supervised release should be revoked. Walking Eagle should be incarcerated until December 22, 2021, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Walking Eagle that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Walking Eagle of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Walking Eagle that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Alfred Walking Eagle, Jr. violated the conditions of his supervised release: by failing to report for substance abuse treatment; and by failing to report for substance abuse testing.

The Court **RECOMMENDS:**

That the District Court revoke Walking Eagle's supervised release and commit Walking Eagle to the custody of the United States Bureau of Prisons until December 22, 2021, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 23rd day of November, 2021.

John Johnston
United States Magistrate Judge